UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-77

SHERRITA SAXTON                                                       PLAINTIFF

v.

MANPOWER OF INDIANA,
LIMITED PARTNERSHIP and
SILGAN PLASTICS CORPORATION                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Silgan Plastics Corporation's Motion to Dismiss (Docket #5). Plaintiff has responded (Docket #11). Defendant has replied (Docket #16). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Plaintiff Sherrita Saxton filed suit in Simpson Circuit Court on April 25, 2011. The case was removed to this Court on May 23, 2011. Plaintiff's Complaint states three claims of relief against Defendants Manpower of Indiana, L.P. ("Manpower"), and Silgan Plastics Corporation ("Silgan"): (I) Breach of Contract; (II) Promissory Estoppel; and (III) Violation of Kentucky Civil Rights Act, Kentucky Revised Statutes § 344.010, *et seq*. Silgan has moved for dismissal of Count I of Plaintiff's Complaint.

The facts of this case are taken from the Complaint and accepted as true for purposes of this motion. Plaintiff alleges that she began employment with Manpower on September 18, 2008, and thereafter worked for Silgan.

> In March 2010, Plaintiff secured express authorization from her immediate supervisor, acting as agent for the Defendants, or either of them, to report to work later than her scheduled "clock-in" time in order to attend a religious program.

> Said agent assured Plaintiff that arriving later than the originally scheduled start time would be acceptable to the employer.
>
> In reliance upon the assurances of the Defendants' agent, Plaintiff attended her religious program and left to report to work.
>
> Before Plaintiff could report to work, a telephone call was received at her home advising her that her job had been terminated for being late to work.
>
> Plaintiff timely advised the plant manager, Steve Davis, that she had attended a religious program pursuant to express authorization of her immediate supervisor and requested that she be allowed to retain her job. This request was denied.

Compl., DN 1-2, ¶¶ VI-IX. Plaintiff's Count I alleges that the actions of the Defendants constituted breach of an express or implied contract.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

## DISCUSSION

Silgan asserts that Plaintiff's Count I must be dismissed because Plaintiff has failed to demonstrate that she had an express or implied employment contract with Silgan. Both parties acknowledge that in the absence of an employment contract, an employee is considered "at-will" and may be discharged "for good cause, for no cause, or for a cause that some might view as morally indefensible." *Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983) (citations omitted). Plaintiff argues, however, that her at-will status was modified by an oral contract made with her supervisor, through which she was granted permission to attend her religious program.

In support of her argument, Plaintiff cites to *Hammond v. Heritage Commc'ns, Inc.*, 756 S.W.2d 152 (Ky. Ct. App. 1988). In *Hammond*, the plaintiff alleged that she was wrongfully fired after appearing in "Playboy" magazine. *Id.* at 153. The plaintiff asserted that her station manager (and immediate supervisor) assured her that she would not lose her job if she posed for "Playboy." *Id.* at 154. The Kentucky Court of Appeals held that this was enough to create a genuine issue of material fact as to the existence of an oral contract modifying the plaintiff's at-will status. *Id.* "Consequently, if a jury finds that an oral contract did exist, modifying her at-will status, the [plaintiff] is entitled to introduce evidence proving that such a contract was breached and that she was damaged." *Id.*

Plaintiff argues that the allegations in her Complaint mirror the *Hammond* case such that

3

the motion to dismiss should be denied. Silgan asserts, however, that the *Hammond* decision is distinguishable from the present case because the issue of termination was never discussed between Plaintiff and her supervisor. The Court believes that, at this stage in the proceedings, Plaintiff has made sufficient allegations in her Complaint such that Count I should not be dismissed. Plaintiff's claim involves a factual issue regarding what was said to Plaintiff and the general understanding between Plaintiff and her supervisor. Thus, Plaintiff should be allowed to develop this claim through discovery.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Silgan's Motion to Dismiss is DENIED.